# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 8918 | DATE | 10/7/2004 |
| CASE TITLE | Dalope vs. United Healthcare, et al. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant United Healthcare of Illinois's motion to compel arbitration is granted and the case is dismissed without prejudice. Any pending motion in this case is terminated as moot. Pretrial conference set for 11/19/04 and trial set for 11/30/04 are also vacated. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 8 2004 date docketed | 11 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 10/7/2004 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **VICKI NANO DALOPE,** | ) |
| Plaintiff, | ) |
| v. | ) No. 03 C 8918 |
| **UNITED HEALTH CARE OF ILLINOIS, SALLY BLOMQUIST,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

OCT 8 - 2004

DOCKETED

Plaintiff Vicky Nano Dalope was employed as a support services clerk for defendant United Healthcare of Illinois ("UHC") from April 11, 1988 until her termination on November 10, 2000. Ms. Dalope alleges that UHC terminated her on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA") and that UHC and Sally Blomquist, Ms. Dalope's former supervisor, failed to reasonably accommodate Ms. Dalope's physical disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). UHC now moves to dismiss or, in the alternative, stay this proceeding and compel arbitration of Ms. Dalope's claim based on UHC's Employment Arbitration Policy. I GRANT the motion to compel arbitration and DISMISS the complaint without prejudice.

The Federal Arbitration Act ("FAA") provides that "[a] written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy

thereafter arising out of such contract or transaction … shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, once I am satisfied that the making of the agreement to arbitrate is not in issue, I must order the parties to proceed to arbitration in accordance with their agreement. *Schacht v. Beacon Ins. Co.*, 742 F.2d 386, 388 (7th Cir. 1984). Whether the parties agreed to arbitrate is a matter of state contract law. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 733 (7th Cir. 2002). Here, Illinois contract law controls. *Id.*

The parties agree that the complete terms of the arbitration agreement are set forth in three inter-related documents, which are attached to UHC's motion: the UHC Code of Conduct and Employee Handbook Acknowledgement ("Acknowledgement") form signed by Ms. Dalope on August 20, 1997, excerpts from the UnitedHealth Group ("UHG")[1] Employee Handbook ("Handbook") summarizing UHG's Dispute Resolution policies, and UHG's Employment Arbitration Policy ("EAP").[2] Ms. Dalope admits having received, read and understood

---

[1] UnitedHealth Group is the parent company of UHC.

[2] The Handbook excepts and EAP, as attached, do not appear to be a part of the 1997 agreement. The documents indicate that they were revised as of April 2001 and March 2002, respectively, well after Ms. Delope had been terminated. There is no indication, from the documents themselves or from the affidavit authenticating them, which terms had been revised and which were included in the documents as they were provided to Ms. Delope. However, those discrepancies are mooted by Ms. Delope's admission that these documents were received, read, and understood by her.

2

these documents. The Acknowledgement reads, in relevant part, "I understand that arbitration is the final, exclusive and required forum for the resolution of all employment related disputes which are based on a legal claim. I agree to submit all employment related disputes based on a legal claim to arbitration under UHC's policy." Both the EAP and the summary thereof contained in the Handbook explicitly include within their definition of a legal claim any dispute that "arises or involves a claim under … the Age Discrimination in Employment Act … [or the] Americans with Disabilities Act."

Ms. Dalope does not deny that a contractual relationship existed between herself and UHC with respect to the arbitration agreement, nor does she argue that her claims are not subject to the FAA. Nonetheless, she argues that UHC should not be permitted to enforce the arbitration agreement because it has failed to exhaust its own IDR process before seeking arbitration. Plaintiff's argument assumes the parties were mutually obligated to exhaust the IDR process before either could pursue arbitration. I find this argument neither accurate nor persuasive. Absent some ambiguity in the agreement, it is the language of the contract that defines the scope of disputes subject to arbitration. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). The Acknowledgement signed by Ms. Dalope makes clear that "the provisions of the [Employee] Handbook are guidelines and *except for the provisions of*

3

the *Employment Arbitration Policy,* do not constitute a contract or any particular terms or condition of employment …" (emphasis added). The language of the EAP concerning IDR clearly reflects its voluntary and separate character: "employees are *encouraged* to exhaust the IDR process before proceeding to arbitration." Moreover, Ms. Dalope's argument misconstrues the obligations of the parties with respect to the IDR process. The language of the IDR policy indicates that employees must initiate the process, not the employer. UHC's obligation to follow the procedures set forth in its IDR policy are triggered by the employee's actions in submitting a claim. UHC is not obligated to initiate the IDR process prior to seeking arbitration.

Ms. Dalope further contends that because she was terminated, she could not avail herself of the IDR process and is therefore not bound to arbitrate. However, the IDR policy explicitly provides for a mechanism for terminated employees to appeal their termination by submitting a written appeal within 20 days after termination. Ms. Dalope chose not to avail herself of this process; she cannot now use that choice as a shield against her agreement to arbitrate.

Ms. Dalope next argues that the EAP ceased to be binding once her employment with UHC ended. The express language of the both the EAP and the Arbitration Policy section of the Handbook clearly indicate in their scope of policy sections that a dispute is

4

subject to the arbitration policy if it arises or involves a claim regarding or relating to termination of employment. The EAP also clearly defines the term employee to include both current and former employees of UHG. Obviously, a dispute over termination would not be litigated while an employee is still employed by UHC. *See, e.g., Johnson v. Travelers Property Casualty*, 56 F.Supp.2d 1025, 1026 (N.D.Ill. 1999). Ms. Dalope entered into a valid agreement with UHC to submit any employment disputes based on a legal claim to arbitration and all of the claims raised in her complaint are subject to that agreement. I GRANT UHC's motion to compel arbitration of these claims.

The last issue is whether the appropriate disposition of this matter is to dismiss the complaint or stay the proceeding in accordance with 9 U.S.C. § 3. Because all issues raised in this action must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. Any post-arbitration remedies sought by the parties would be limited to a judicial review of the arbitrator's award. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992); *see* 9 U.S.C. § 9-12. Although the Seventh Circuit has not directly addressed this issue, "[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (citing *Alford* at 1164). *See also e.g.*,

5

*Hostmark Investors, Ltd. v. Geac Enterprise Solutions, Inc.*, 2002 WL 1732360 *3 (N.D.Ill. July 26, 2002) (dismissing complaint without prejudice where all issues were subject to arbitration); *Reineke v. Circuit City Stores, Inc.*, 2004 WL 442639*5 (N.D.Ill. Mar. 8, 2004) (same); *U.S. International Travel & Tours, Inc. v. Tarom S.A.S.C. Compania Nationala De Transporturi Aeriene Romane*, 98 F.Supp.2d 979, 981 (N.D.Ill. May 26, 2000)(same). Consequently, rather than stay these proceedings pending arbitration, I DISMISS this case without prejudice.

ENTER ORDER:

*Elaine E. Bucklo* (signature)

**Elaine E. Bucklo**
United States District Judge

Dated: October 7, 2004